# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06cr182 |
| | § | (Judge Schell) |
| CHRISTINA ANN DORRIES (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 30, 2010, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by Maureen Smith.

On May 3, 2007, Defendant was sentenced by the Honorable Richard A. Schell to two (2) months' custody followed by three (3) years of supervised release for the offenses of Possession, Theft, or Receipt of Stolen Mail Matter and Possession of Forged Securities. On July 26, 2007, Defendant completed her period of imprisonment and began service of her supervised term.

On January 21, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following standard conditions:(1) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month; (3) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (4) the defendant shall notify

the probation officer at least ten days prior to any change of residence or employment; and (5) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The Government agreed to dismiss allegations one, two, and three.

The petition alleges that Defendant committed the following acts with regard to allegations four, five, six, seven, and eight: (1) On November 27, 2009, Defendant was in the company of Daniel Rucinski who had recently been released from jail; (2) Defendant failed to submit a written monthly report by the 5th of each month for the months of December 2008, March 2009, and September 2009; (3) Defendant failed to maintain employment since October 2008; (4) A home visit was conducted on May 21, 2009, and a neighbor advised the Defendant moved. Defendant called the probation office on May 22, 2009, and acknowledged she changed residence; (5) On November 13, 2009, a home visit was conducted with no response. A card was left on Defendant's door with instructions to call the officer. On November 14, 2009, the officer received a phone call from a female advising she was now an occupant of the residence and the Defendant did not reside there; and (6) Defendant was arrested on November 27, 2009, and failed to notify the probation officer within seventy-two hours.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations four, five, six, seven, and eight. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of two (2) months with no supervised release to follow.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 3rd day of August, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE